## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MICHAEL COULES and                          CASE NO:
DEBBIE COULES,

      Plaintiffs,

v.

THE UNITED STATES OF
AMERICA,

      Defendant.

## **COMPLAINT**

MICHAEL COULES and DEBBIE COULES, ("Plaintiffs") through undersigned counsel,

file this Complaint against THE UNITED STATES OF AMERICA ("Defendant"), stating:

1.　　This civil action for money damages arises under 28 U.S.C. §§ 1346(b), 2401(b),

2671-80 (Federal Tort Claims Act).

2.　　This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.　　At all times material, Plaintiffs were residents of Melbourne, Brevard County,

Florida, and otherwise sui juris.

4.　　On December 23, 2019, the Defendant operated the United States Postal Service as

an independent agency of the executive branch for providing postal service in the United States. 39

U.S.C. § 101.

5.　　On December 23, 2019, a non-party, Mr. Nick Graham ("Defendant's employee"),

was employed by the Defendant as a United States Postal Service worker.

6.　　On December 23, 2019, the Defendant owned the following motor vehicle: 2016

White Dodge Van, VIN# 1C4PJLAB9GW329994.

7.     On December 23, 2019, Defendant's employee operated the aforesaid vehicle in Melbourne, Florida with the Defendant's permission and consent.

8.     On December 23, 2019, Defendant's employee operated the aforesaid vehicle while within the scope of his employment for the Defendant.

9.     On December 23, 2019, Defendant's employee owed a legal duty of due care to other motorists sharing the State of Florida's public roadways, including the Plaintiff, MICHAEL COULES, to operate the vehicle under his control in a non-negligent and reasonably safe manner.

10.     On December 23, 2019, Defendant's employee breached that duty of care when he negligently and carelessly operated the vehicle under his control by causing said vehicle to collide with a vehicle operated by the Plaintiff, MICHAEL COULES.

11.     As a direct and proximate cause of the aforesaid negligence of the Defendant's employee, the Plaintiff, MICHAEL COULES, has suffered severe, significant, and permanent injuries and damages in or about his body and person, including, but not limited to, his brain, head, neck, body, limbs and nervous system; he has been permanently and significantly scarred and/or disfigured; he has incurred a significant permanent loss of bodily function, and/or suffered an aggravation of a previously existing condition; he has in the past been, and will in the future be, obligated to pay large sums of money in the way of medical treatment bills and other expenses directly related to his efforts to alleviate his suffering and cure his injuries; he has undergone extreme mental and physical suffering and will so suffer in the future; he has suffered a loss of earnings in the past and as a result of these injuries will suffer a loss of future earning capacity; and he has suffered a loss of capacity for the enjoyment of life.  All of the above injuries are permanent and

continuing in nature.

12.     Further, due to the above stated negligence of the Defendant's employee, the Plaintiff, MICHAEL COULES' automobile was damaged and/or Plaintiff lost the use of it during the period required for its repair or replacement, in an amount totaling Nine Thousand Seven Hundred Twenty Six Dollars and 89/100 ($9,726.89).

13.     Under the above stated circumstances, the Defendant, if a private person, would be liable to the Plaintiff, MICHAEL COULES, in accordance with the law of the State of Florida for the negligence of its employee while said employee was acting within the scope of their employment, and as the owner of the aforesaid vehicle which was entrusted to a negligent tortfeasor, pursuant to legal principles of vicarious liability, particularly The Dangerous Instrumentality Doctrine and Respondeat Superior, and therefore shall likewise be liable here. 28 U.S.C. § 2674.

14.     On July 28, 2020, pursuant to 28 U.S.C. § 2675,  the Plaintiff, MICHAEL COULES, presented his Standard Form 95 Claim for Damage, Injury, or Death to the appropriate Federal agency whose employee was responsible for the Plaintiff's injuries and damages, claiming damages for Property Damage and Personal Injury. A copy of the July 28, 2020 Standard Form 95 filed as to Plaintiff, MICHAEL COULES, is attached hereto.

15.     Said agency has failed to make a final disposition of said Plaintiff's claims within six (6) months after they were filed, and as such, the Plaintiff shall deem said failure a denial of the claim for purposes of the Federal Tort Claim Act's exhaustion requirement. 28 U.S.C. § 2675(a).

16.     As such, all conditions precedent to the filing of this Complaint have been met and the Complaint is timely filed pursuant to 28 U.S.C. § 2401(b).

WHEREFORE the Plaintiff, MICHAEL COULES, sues the Defendant, THE UNITED STATES OF AMERICA, and demands judgment for damages of Ten Million Nine Thousand Seven Hundred and Twenty Six Dollars and 89/100 ($10,009,726.89), the amount set forth in Plaintiff's Administrative Claim Form - Standard Form 95, and an award of interest and costs as allowed by law, and further requests a trial of all issues triable.

17.     Additionally, at all times material, Plaintiffs, MICHAEL COULES and DEBBIE COULES, were married and cohabitated as husband and wife.

18.     As a direct and proximate result of the December 23, 2019 collision, caused by the negligence of Defendant's employee, and the resulting permanent injuries and damages suffered by the Plaintiff, MICHAEL COULES, described above, the Plaintiff, DEBBIE COULES, has been denied the consortium, society, companionship, affection, service and support of her husband, the Plaintiff, MICHAEL COULES. Plaintiff, DEBBIE COULES', losses are permanent and continuing in nature, and Plaintiff will suffer these losses in the future.

19.     Under the above stated circumstances, the Defendant, if a private person, would be liable to the Plaintiff, DEBBIE COULES, in accordance with the law of the State of Florida for the negligence of its employee while said employee was acting within the scope of their employment, and as the owner of the aforesaid vehicle which was entrusted to a negligent tortfeasor, pursuant to principles of vicarious liability, particularly The Dangerous Instrumentality Doctrine and Respondeat Superior, and therefore shall likewise be liable here. 28 U.S.C. § 2674.

20.     On July 28, 2020, pursuant to 28 U.S.C. § 2675,  the Plaintiff, DEBBIE COULES, presented her Standard Form 95 Claim for Damage, Injury, or Death to the appropriate Federal agency whose employee was responsible for the Plaintiff's injuries and damages. A copy of the July

28, 2020 Standard Form 95 filed as to Plaintiff, DEBBIE COULES, is attached hereto.

21.    Said agency has failed to make a final disposition of said Plaintiff's claim within six (6) months after it was filed, and as such, the Plaintiff shall deem said failure a denial of the claim for purposes of the FTCA's exhaustion requirement. 28 U.S.C. § 2675(a).

WHEREFORE, Plaintiff, DEBBIE COULES, sues Defendant, THE UNITED STATES OF AMERICA, and demands judgment for damages of Ten Million Dollars and No/100 ($10,000,000.00), the amount set forth in Plaintiff's Administrative Claim Form - Standard Form 95, and an award of interest and costs as allowed by law, and further requests a trial of all issues triable.

DATED this 13th day of May 2022

HIGH STACK GORDON KIRBY

*/s/ DAVID GORDON*

_____
DAVID S. GORDON, ESQ.
Florida Bar No.: 173886
525 E. Strawbridge Avenue
Melbourne, FL 32901-4705
Telephone: (321) 725-5525
Facsimile : (321) 984-2411
Email:  epleadings@highstacklaw.com
Ana@highstacklaw.com
Attorneys for Plaintiffs